<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KYLE E. FEGGINS<br><br>*Plaintiff,*<br><br>v.<br><br>TOWNSHIP OF MONTCLAIR, et al.,<br><br>*Defendants.* | Civil Action No. 26-4049<br><br>**OPINION AND ORDER**<br><br>July 13, 2026 |

**SEMPER**, District Judge.

  **THIS MATTER** comes before the Court upon Kyle E. Feggins's ("Plaintiff") filing of a complaint, (ECF 1, "Complaint" or "Compl."), and an application to proceed *in forma pauperis*, (ECF 1-2, "IFP Application"), on April 16, 2026.  Plaintiff files suit against municipal defendants Township of Montclair, Township of Nutley, and Township of Bloomfield; Montclair Police Department defendants Sgt. Travis Davis, Officer Scott McGrath, Officer Stephen Seifried, Officer Glenda Rivera, Capt. James Romito, Officer Brionna Gippiti, Officer Jorge Martinez, Officer Ryan Martinez, and Sgt. Davis Osborne; Nutley Police Department defendants Det./Lt. Eric Stabinski, Lt. Richard Schwarz, Det. Dominic Argentieri, Det. Daniel Thumm, Officer Frank Caputo, Ptl. Richard Rempusheski, Det. Dominic Scioscia, and Officer Rizzuto; Bloomfield Police Department defendants Sgt. Salvatore Cordi and Officer Jonathan Heussler; and ten John or Jane Doe defendants representing unknown law enforcement officers (collectively, "Defendants"). (Compl. ¶¶ 9-10.)  Plaintiff alleges Defendants violated his civil rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution, bringing claims under 42 U.S.C. §§ 1983, 1985,

1

and 1986.  Having reviewed Plaintiff's application, the Court finds leave to proceed *in forma pauperis* is warranted and **GRANTS** the application.  Additionally, having *sua sponte* reviewed Plaintiff's submissions pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a), this Court **DISMISSES** Counts I and III-VIII of the Complaint without prejudice.  Count II of the Complaint alleging a Fourth Amendment claim may proceed against Officer Rivera and Officer Gippiti regarding the alleged unwarranted entry at 14 Baldwin.  (*Id*. ¶ 15.)  Count II of the Complaint alleging false arrest may proceed against Officer Scott McGrath and Sgt. Travis Davis regarding the alleged June 24, 2022 arrest.  (*Id*. ¶ 12.)

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," but must dismiss a case that is insufficient. A case is insufficient if the claims (1) are "frivolous or malicious"; (2) "fail[] to state a claim upon which relief may be granted"; or (3)"seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(a)(1), e(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  A district court construes a *pro se* plaintiff's papers liberally and holds them to a less stringent standard than the standard applied to papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)); and

**WHEREAS** in Count I of the Complaint, Plaintiff alleges a malicious prosecution claim under 42 U.S.C. § 1983 against all individually named defendants. (Compl. ¶ 31.)  To state a claim for malicious prosecution, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than

bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005). Plaintiff's Complaint does not specifically allege which police officer initiated criminal proceedings against him in bad faith. Plaintiff alleges the Denville Police Department and Assistant Prosecutor Kennedy filed charges against him despite them finding he did not violate the law. (Compl. ¶ 13.) However, neither the Denville Police Department nor Assistant Prosecutor Kennedy are parties to this lawsuit. Plaintiff also claims that on June 20, 2025, Nutley Police officers engaged in a "mission" to arrest him, but he does not allege that a proceeding began or ended based on these events. (*Id*. ¶ 16.) The Complaint references no other instances where Defendants in this matter initiated a criminal proceeding against Plaintiff that can sustain a claim for malicious prosecution. Furthermore, courts in this Circuit have found that a malicious prosecution claim brought against police officers requires a showing of intent to provide false information to a prosecutor, which Plaintiff fails to allege with any specific facts. *See Henderson v. City of Philadelphia*, 853 F. Supp. 2d 514, 518-19 (E.D. Pa. 2012) ("[A]n officer may be held to have initiated criminal proceedings if he knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's decision[.]"). Thus, Plaintiff's malicious prosecution claim brought in Count I is hereby **DISMISSED** without prejudice; and

**WHEREAS** in Count II of the Complaint, Plaintiff alleges the individually named Defendants subjected Plaintiff "to unreasonable seizures and false arrests in violation of the Fourth Amendment." (Compl. ¶ 32.) The Court construes this Count as alleging both unreasonable searches and seizures. However, Plaintiff fails to name defendants with specificity in this paragraph as required by Federal Rule of Civil Procedure 8(a), and instead engages in conclusory group pleading by naming nineteen law enforcement defendants collectively. (*Id.*); *see Freeman v. Amazon.com Servs., LLC*, No. 24-8181, 2025 WL1248935, at *3 (D.N.J. Apr. 30, 2025)

(dismissing an amended complaint because it "fail[ed] to specify any of Defendants' misconduct with enough specificity … [i]nstead, the Amended Complaint exclusively feature[ed] group pleading").  However, in construing Plaintiff's claims liberally in accordance with the *pro se* pleading standard, the Court examined the entire Complaint to determine if Plaintiff presented facts in support of Count II; and

**WHEREAS** Plaintiff alleges several occasions where he claims his Fourth Amendment rights were violated.  Plaintiff alleges Defendant Officer Rivera "violently busted open Plaintiff's door" at 14 Baldwin without his consent.  (Compl. ¶ 15.)  He also alleges Defendant Officer Gippiti "escorted … armed civilian investigators directly to Plaintiff's backdoor" to facilitate a custody exchange.  (*Id*.)  Plaintiff also claims that at the address 8 Maple Ave, officers created a "perimeter while Officer Barrett narrated a sham investigation of Plaintiff's daughter eating dinner."  (*Id*.)  The Third Circuit has held that "[w]arrantless searches and seizures inside someone's home … are presumptively unreasonable unless the occupants consent or probable cause and exigent circumstances exist to justify the intrusion."  *Chey v. LaBruno*, 680 F. Supp. 3d 161, 182 (3d Cir. 2022); and

**WHEREAS**, as an initial matter, Plaintiff stated in his Complaint that he does not reside at 8 Maple.  (Compl. ¶ 25.)  He also fails to allege that he was an overnight guest at 8 Maple at any point.  (*See generally id*.)  Therefore, he has no reasonable expectation of privacy at 8 Maple and state actions taken at that residence cannot support his Fourth Amendment claim.  *See United States v. Rose*, 613 F. App'x 125, 129 (3d Cir. 2015) (holding the protections of the Fourth Amendment do not apply to guests with no possessory interest in the property).  Regarding 14 Baldwin, Plaintiff claims "Officer Rivera violently busted open [his] door."  (Compl. ¶ 15.)  Accepting this fact as true, the Court determines Plaintiff has stated a claim for a potential Fourth

4

Amendment violation for unwarranted entry at 14 Baldwin.[1]  The allegations against Officer Gippiti arise out of the same facts and questions of law as the claim against Officer Baldwin, therefore she may be joined as a defendant under Federal Rule of Civil Procedure 20(a).  *See Wilson v.* Piazza, No. 10-3356, 2011 WL 765806, at * 3 (D.N.J. Feb. 22, 2022).  Therefore, Count II of the Complaint may **PROCEED** against Officer Rivera and Officer Gippiti regarding only the events that occurred at 14 Baldwin.  However, the claims are **DISMISSED** without prejudice against all other individually named defendants because Plaintiff fails to attribute specific conduct to any other officers in support of this Count.  *See Iqbal*, 556 U.S. at 676 (holding "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); and

**WHEREAS**, to present a claim for false arrest, a plaintiff must show the arresting officers lacked probable cause to believe the person arrested committed the alleged offense.  *See Wheeler v. Wheeler*, 639 F. App'x 147, 150 n.8 (3d Cir. 2016) ("To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." (quoting *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012))).  The Complaint alleges that on June 24, 2022, Officer Scott McGrath and Sgt. Travis Davis arrested Plaintiff at a graduation ceremony.  (Compl. ¶ 12.)  Plaintiff also alleges that he was found not guilty in Essex County Superior Court as to the charges brought.  (*Id*.)  Plaintiff has therefore demonstrated that the defendants effectuated an arrest, and the Court concludes the probable cause determination is fit for a later stage of this litigation.  *Groman v. Twp. of*

---

[1] Whether the Defendants possessed probable cause or exigent circumstances existed at the time of the alleged offense is to be decided by this Court at a later stage.  *See Lane v. New Jersey*, No. 22-4239, 2022 WL 17829431, at *6 (D.N.J. Dec. 21, 2002) (deciding issue of probable cause at the motion to dismiss stage); *see also Gurvey v. Twp. of Montclair New Jersey*, No. 19-17525, 2022 WL 970303, at *7 (D.N.J. Mar. 31, 2022) (deciding whether probable cause existed for police to perform a wellness check at the summary judgment stage).

*Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995) (holding probable cause is generally a factual issue). Therefore, the Court holds Plaintiff's false arrest claim made under Count II may **PROCEED** against Officer Scott McGrath and Sgt. Travis Davis regarding the alleged June 24, 2022 arrest; and

**WHEREAS** in Count III of the Complaint, Plaintiff alleges Defendant Det. Dominic Argentieri violated his Fourth Amendment right against unreasonable searches and seizures by submitting him to "an invasive, unconstitutional search that amounted to a sexual assault." (Compl. ¶ 33.) Plaintiff uses vague and conclusory language in support of this Count, describing the alleged incident as "invasive" "unconstitutional" and claiming it "amounted to a sexual assault." (*Id.*) Plaintiff alleges a date the alleged assault took place, but he does not state facts describing how he believes Defendant Det. Dominic Argentieri violated him. (*Id.* ¶ 17.) Simply stating that Defendant "committed a sexual assault against Plaintiff under the guise of an invasive search" does not satisfy the Rule 8(a) pleading standard because it does not give the Court or the defendant sufficient notice of the exact conduct that at issue. *See* Fed. R. Civ. P. 8(a)(2). Accordingly, Plaintiff's alleged claim in Count III of the Complaint is **DISMISSED** without prejudice; and

**WHEREAS** Plaintiff asserts a deprivation of property and unreasonable seizure claim against the Nutley Police officer defendants in Count IV. (Compl. ¶ 34.) The Court construes this claim as brought against the Township of Nutley since no individual defendants are named. Plaintiff claims Nutley officers seized his prescription medication and the contents of his impounded work vehicle. (*Id.* ¶ 34.) The law is clear in this Circuit that adequate post-deprivation remedies defeat claims for deprivation of property. *Vanderpool v. Christie*, No. 10-2030, 2010 WL 2758709, at *9 (D.N.J. July 12, 2010). Plaintiff states that he "served a municipal judicial order mandating the return of these items upon Nutley Police Lieutenant Richard Schwarz."

6

(Compl. ¶ 27.)  The fact that Plaintiff received a judicial order mandating the return of his items is evidence that sufficient post-deprivation remedies are available to Plaintiff.  Therefore, Count IV of the Complaint fails as a matter of law and is **DISMISSED** without prejudice; and

**WHEREAS** Plaintiff asserts a civil conspiracy claim under 42 U.S.C. § 1985(3) against "[a]ll Individual Defendants, Lt. Schwartz, and Court administrators" in Count V.  (Compl. ¶ 35.)  First, the Court dismisses the claims alleged against Lt. Schwartz and "Court administrators" because they are not named as parties in this action.  To state a claim for conspiracy under 42 U.S.C. § 1985(3), Plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citing *United Bhd. of Carpenters & Joiners, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983)).  To prove a conspiracy, "it is insufficient for [p]laintiff to show merely that [d]efendants had a common goal or acted in concert; rather, [p]laintiff must show through specific facts that [d]efendants reached an understanding or agreement to violate Plaintiff's civil rights."  *Rife v. Borough of Dauphin*, 647 F. Supp. 2d 431, 450 (M.D. Pa. 2009); *see also Jonson v. Zagori*, No. 09-4934, 2011 WL 2634044, at *6 (D.N.J. June 30, 2011) ("The plaintiff must point to specific facts showing that the defendants reached and understanding or agreement to violate Plaintiff's civil rights." (internal quotations omitted)).  Even "when evidence shows communications which provided an opportunity for agreement, a plaintiff must still produce evidence permitting an inference that an agreement in fact existed."  *Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1013 (3d Cir. 1994); and

**WHEREAS** here, Plaintiff's allegations merely establish the opportunity for agreement.

7

Plaintiff's assertion that police departments in different counties used "inter-departmental databases to adopt and ratify the prior malicious acts of their co-conspirators," (Compl. ¶ 35), fails to meet the specificity required in Rule 8(a).  Plaintiff's assertions regarding the utilization of non-party individuals as "the central communication hub" to transmit intelligence, (*id*. ¶ 11), and "police reports explicitly documenting direct communications between Nutley, Bloomfield, and Montclair officers," (*id.* ¶ 35), only demonstrate the opportunity for an agreement to be made.  Plaintiff's allegation that officers engaged in a "bad-faith 'mission' to effectuate an arrest," (*id.* ¶ 16), constitutes mere labeling by failing to provide any facts that would color his allegation of a conspiracy.  Finally, Plaintiff's attempt to use an officer's unilateral remark regarding the need for "more manpower," (*id.* ¶ 18), is excessively vague and cannot be construed to support the inference of an agreement between parties.  Accordingly, Count V of the Complaint is **DISMISSED** without prejudice; and

**WHEREAS** Plaintiff asserts a failure to prevent conspiracy under 42 U.S.C. § 1986 against the supervisory Defendants in Count VI.  (Compl. ¶¶ 37.)  A claim brought under § 1986 "by definition depend[s] on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also." *Rogin v. Bensalem*, 616 F.2d 680, 696 (3d Cir. 1980).  Plaintiff does not have a viable cause of action under 42 U.S.C. § 1985(3), therefore Count VI of the Complaint is **DISMISSED** without prejudice; and

**WHEREAS** Plaintiff asserts a *Monell* claim under 42 U.S.C. § 1983 against the Townships of Montclair, Nutley, and Bloomfield in Count VII.  (Compl. ¶ 38.)  The Court determines this claim to be frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  A case may be dismissed as frivolous if it is based upon a "meritless legal theory or … completely baseless factual contentions." *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).  Plaintiff attempts to sustain his *Monell* claim by arguing that Defendant's alleged failure to respond to his email demands and Open Public Records

Act requests constitutes, "deliberate indifference transform[ing] these isolated unconstitutional acts into official municipal policy." (Compl. ¶ 38.)  The Court declines to hold that Plaintiff has made the necessary showing of a relevant custom or policy.  "To satisfy the [*Monell*] pleading standard, [plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 649 (3d Cir. 2009).  Furthermore, the "[m]ere assertion of an entitlement to relief, without some factual showing, is insufficient under Fed.R.Civ.P. 8(a)(2)." *Id*. (internal quotations omitted).  Here, Plaintiff lists Police Chief Thomas J. Strumolo, Jr (who is not a party) and Lt. Eric Stabinski as policymakers, (Compl. ¶ 38), but he does not allege specific facts showing they had knowledge of Plaintiff's emails or requests. *McTernan*, 564 F.3d at 658 ("Custom requires proof of knowledge and acquiescence by the decisionmaker[.]").  The Court determines that Plaintiff's argument that the Townships of Montclair, Nutley, and Bloomfield orchestrated a policy "to ignore the constitutional violations and orchestrate administrative cover-ups," (Compl. ¶ 27), is grounded on "clearly baseless factual contentions" and is therefore suitable for dismissal under § 1915(e). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).  Accordingly, Count VII of Plaintiff's Complaint is **DISMISSED** without prejudice; and

**WHEREAS** Count VIII of Plaintiff's Complaint alleges a First Amendment Retaliation claim against all individual law enforcement defendants. (Compl. ¶ 39.)  Plaintiff asserts this claim on the grounds he "engaged in constitutionally protected speech by filing formal Internal Affairs complaints" and Defendants retaliated against him by engaging in "a multi-jurisdictional campaign of harassment … to chill [his] First Amendment rights." (*Id*.)  Plaintiff's allegation fails to meet Rule 8(a) pleading standard as it engages in impermissible group pleading. *See Freeman*, 2025 WL 1248935, at *3.  To sustain a claim against the individually named Defendants, Plaintiff must assert with specificity how each individually engaged in the conduct giving rise to the claim. *Id*.

9

Plaintiff's argument also relies on a finding that Defendants engaged in a conspiracy, (Compl. ¶ 39), which the Court has already declined to find at this stage. Therefore, Count VIII of Plaintiff's Complaint is hereby **DISMISSED** without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii). For the reasons stated above,

 **IT IS** on this **13th** day of **July, 2026** hereby:

1. **ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is

2. **ORDERED** that Counts I, III-VI, and VIII of Plaintiff's Complaint are **DISMISSED** without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii); and it is

3. **ORDERED** that Count VII of Plaintiff's Complaint is hereby **DISMISSED** without prejudice on the grounds it is frivolous under § 1915(e)(2)(B)(i); and it is

4. **ORDERED** that Count II of the Complaint alleging Fourth Amendment claims against Officer Rivera and Officer Gippiti based on the events alleged to have occurred at 14 Baldwin shall **PROCEED**; and it is

5. **ORDERED** that Count II of the Complaint alleging false arrest against Officer Scott McGrath and Sgt. Travis Davis shall **PROCEED**; and it is finally

6. **ORDERED** that Plaintiff may file an amended complaint correcting the deficiencies identified above within forty-five (45) days of this Opinion and Order.

 **SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**U.S. DISTRICT JUDGE**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties